# EXHIBIT A



# Service of Process Transmittal

09/22/2021
CT Log Number 540288010

**TO:** Brittani Rushing
Guard Insurance Group, Inc.
39 PUBLIC SQ
WILKES BARRE, PA 18701-2509

**RE:** **Process Served in Michigan**

**FOR:** AmGUARD Insurance Company  (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Zead Rammouni, Ali Yahya, and Musaid Amir, on Behalf of Themselves and All Others Similarly Situated, vs. AmGUARD Insurance Company |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21011906NZ |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/22/2021 postmarked on 09/20/2021 |
| **JURISDICTION SERVED:** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/22/2021, Expected Purge Date: 09/27/2021<br><br>Image SOP<br><br>Email Notification,  Brittani Rushing  brittani.rushing@guard.com<br><br>Email Notification,  Alex Klinges  alexandra.klinges@guard.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201<br>Plymouth, MI 48170<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

At Law Group, PLLC
3 PARKLANE BLVD # 1500
DEARBORN MI 48126-2506

USPS CERTIFIED MAIL



9414 8118 9876 5857 8591 02

The Corporation Company
40600 ANN ARBOR RD E STE 201
PLYMOUTH MI 48170-4675

$8.56    US POSTAGE
FIRST-CLASS
Sep 20 2021
Mailed from ZIP 48126
10 oz First-Class Mail Flats Rate

11923275



062S0012913542

Amir-Whitley-Tinsley-Matti-Susan Mohammed

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>21-011906-NZ<br>Hon.Susan L. Hubbard |

Court address : 2 Woodward Ave., Detroit MI 48226     Court telephone no.: 313-224-5183

| **Plaintiff's name(s), address(es), and telephone no(s)**<br>Amir, Musaid   et. Al | v | **Defendant's name(s), address(es), and telephone no(s).**<br>AmGUARD Insurance Company |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br>Dewnya A. Bazzi 75310<br>3 Parklane Blvd Ste 1500W<br>Dearborn, MI 48126-4246 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/13/2021 | Expiration date*<br>12/13/2021 | Court clerk<br>Angila Mayfield |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)   **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

21-011906-NZ FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 9/13/2021 3:48 PM Angila Mayfield

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

# STATE OF MICHIGAN

## IN THE WAYNE COUNTY CIRCUIT COURT

ZEAD RAMMOUNI, ALI YAHYA,
and MUSAID AMIR, on behalf of
themselves and all others similarly
situated,

      Plaintiff,

v.

Case No. 21 -     NZ

AmGUARD Insurance Company,
a Pennsylvania for-profit company;

      Defendant.

---

Dewnya A. Bazzi (P75310)
AT Law Group PLLC
Attorneys for Plaintiffs
3 Parklane Blvd, West Tower, Suite 1500W
Dearborn, Michigan 48126-4246
(313) 406-7606
db@atlawgroup.com
mp@atlawgroup.com
ln@atlawgroup.com

---

## **JURY DEMAND**

NOW COME Plaintiffs, Musaid Amir, Zead Rammouni, and Ali Yahya, by and through counsel, Dewnya A. Bazzi, on behalf of themselves and all others similarly situated, pursuant to MCR 2.508, and hereby demand a trial by jury of all issues as to which there is a right to trial.

      Respectfully submitted,

      /s/ Dewnya A. Bazzi
      ―――――――――――――――
      Dewnya A. Bazzi (P75310)
Dated: September 7, 2021      Attorney for Plaintiff

STATE OF MICHIGAN

IN THE WAYNE COUNTY CIRCUIT COURT

MUSAID AMIR, ZEAD
RAMMOUNI, and ALI YAHYA, on
behalf of themselves and all others
similarly situated,

      Plaintiff,

v.

      Case No. 21 -      NZ

AmGUARD Insurance Company,
a Pennsylvania for-profit company;

      Defendant.

---

Dewnya A. Bazzi (P75310)
Mike Pieknik (P65710)
Lameese Nazzal (P84725)
At Law Group, PLLC
Attorney for Plaintiff
3 Parklane Blvd., Ste. 1500
Dearborn, MI 48126
Ph: 313.406.7606   Fax: 800.285.2996
db@atlawgroup.com
mp@atlawgroup.com
ln@atlawgroup.com
gr@atlawgroup.com (assistant)
zs@atlawgroup.com (scheduling)

---

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this complaint.

*/s/Dewnya A. Bazzi*
Dewnya A. Bazzi

### CLASS ACTION COMPLAINT AND JURY DEMAND

NOW COME Plaintiffs, Musaid Amir, Zead Rammouni, and Ali Yahya, by and through counsel, Dewnya A. Bazzi, on behalf of themselves and all others similarly situated, and for their Class Action Complaint, state as follows:

## JURISDICTION AND VENUE

1.  Jurisdiction over this matter is proper in this Court because Plaintiff's seeks equitable relief in addition to damages in excess of twenty-five thousand dollars ($25,000).

2.  Venue in this Court is proper because this matter is being commenced in a county in which the original injury occurred and in which the Defendant transacts business.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

## PARTIES

### A. Plaintiffs

3. Plaintiff Musaid Amir was at all times relevant to the present action a person residing in the County of Wayne in State of Michigan. He is suing on behalf of himself and all others similarly situated.

4. Plaintiff Zead Rammouni was at all times relevant to the present action a person residing in the County of Wayne in State of Michigan. He is suing on behalf of himself and all others similarly situated.

5. Plaintiff Ali Yahya was at all times relevant to the present action a person residing in the County of Wayne in State of Michigan. He is suing on behalf of himself and all others similarly situated.

### B. Defendant AmGUARD Insurance Company

6. Defendant AmGUARD Insurance Company ("AmGUARD") is headquartered and domiciled in Wilkes-Barre, Pennsylvania.

7. Defendant AmGUARD was formed in 1982 as one of Berkshire Hathaway's original GUARD Insurance Companies. Defendant AmGUARD operates under the trade name "Berkshire Hathaway GUARD Insurance Companies," and is a wholly owned subsidiary of WestGUARD Insurance Company, which in turn is a wholly owned subsidiary of Berkshire Hathaway.

8. Defendant AmGUARD is licensed to transact business in all U.S. states and the District of Columbia and operates under the National Association of Insurance Commissioners (NAIC) Company Code #42390.

3

9. AmGUARD Insurance Company provides Commercial and Personal insurance. Its complete product suite currently includes Businessowner's, Commercial Auto, Commercial Excess Liability, Commercial Package, Commercial Property, Commercial Umbrella Liability, Disability, General Liability, Employment-Related Practices Liability, Homeowners, Personal Umbrella Liability, Professional Liability, and Workers' Compensation insurance.

## COMMON ALLEGATIONS

### A. Plaintiff Musaid Amir

10. Plaintiff Musaid Amir at all times relevant to this matter resided at a property commonly known as 5813 Kenilworth Street in the City of Dearborn, Michigan.

11. During the late evening / early morning hours of June 26, 2021 flooding, Plaintiff Amir was at home when an acquaintance contacted him, reported that there was a heavy rainfall, and suggesting that Plaintiff Amir check his basement to see if it was experiencing any flooding.

12. Plaintiff Amir checked his basement and discovered that it was in fact flooded.

13. The basement, which was finished with a kitchen and bathroom, was destroyed as a result of the flooding with water rising to an estimated height of approximately eighteen inches. Because the bathroom door was closed at the time of the flood, the bathroom filled with water to an estimated height of approximately three feet. The kitchen filled with water to an estimated height of approximately two feet.

14. The flooding destroyed the cabinets, walls, and doors throughout the basement as well as the floor in the bathroom.

15. Prior to the flooding, Plaintiff Amir had purchased flood insurance coverage from Defendant. A copy of this insurance contract is in the possession of the adverse party.

AT LAW GROUP, PLLC
ATTORNEYS & COUNSELORS
3 PARK LN BLVD STE 1500 WEST, DEARBORN, MICHIGAN 48126 313-406-7606

16. Notwithstanding the flood insurance coverage, Defendant has refused to pay Plaintiff Amir's claim.

### B. Plaintiff Zead Rammouni

17. Plaintiff Zead Rammouni at all times relevant to this matter resided at property commonly known as 22212 Doxater Street in the City of Dearborn, Michigan.

18. At approximately 12:30 a.m. on June 26, 2021, water began entering the basement of Plaintiff Rammouni's residence.

19. The finished basement was destroyed as a result of the flooding with water rising to the height of the second stair up from the basement floor. All personalty had to be removed from the basement and the walls cut out at their base.

20. Prior to the flooding, Plaintiff Rammouni had purchased flood insurance coverage from Defendant. A copy of this insurance contract is in the possession of the adverse party.

21. Notwithstanding the flood insurance coverage, Defendant has refused to pay Plaintiff Rammouni's claim.

### C. Plaintiff Ali Yahya

22. Plaintiff Ali Yahya was at all times relevant to this matter the owner of a rental property commonly known as 20891 Crestmont Lane in Dearborn Heights, Michigan.

23. At approximately 1:30 a.m. on June 26, 2021, Plaintiff Yahya observed posts on social media reporting that there was flooding in the area.

24. Plaintiff Yahya contacted the tenant and asked that she be on alert for flooding in the residence.

25. Later that morning, the tenant contacted Plaintiff Yahya and reported that the residence had flooded during the early morning hours.

26. Plaintiff Yahya went to inspect the damage and observed a recent water mark on the basement walls between one to two feet above the floor. Plaintiff Yahya further observed black debris on the walls.

27. The odor from the resultant smell was overbearing, so the tenant removed the carpeting from the basement. During the course of the next few days that followed, Plaintiff Yahya and/or the tenant applied Clorox bleach and mildew spray to the water-damaged basement.

28. Prior to the flooding, Plaintiff Yahya had purchased flood insurance coverage from Defendant. A copy of this insurance contract is in the possession of the adverse party.

29. Notwithstanding the flood insurance coverage, Defendant has refused to pay Plaintiff Yahya's claim.

## CLASS ACTION ALLEGATIONS

30. This action is maintainable as a class action under Michigan Court Rule ("MCR") 3.501.

31. Plaintiffs bring this class action on behalf of current and future insureds who have entered into contractual agreements whereby Defendant represented that it was providing coverage for flooding as that term is commonly understood.

32. Questions of law and/or fact common to the entire class exist. Common questions of law and/or fact include, by way of illustration and not limitation:

> A. Whether Defendant made misrepresentations regarding the scope of its flood insurance coverage;
>
> B. Whether Defendant's misrepresentations regarding the scope of its flood insurance coverage constitutes fraud under Michigan law;

6

    C. Whether Defendant's misrepresentations regarding the scope of its flood insurance coverage constitutes innocent misrepresentation under Michigan law;

    D. Whether Defendant's misrepresentations regarding the scope of its flood insurance coverage constitutes silent fraud under Michigan law;

    E. Whether Defendant's misrepresentations regarding the scope of its flood insurance coverage constitutes breach of express contract under Michigan law;

    F. Whether Defendant's misrepresentations regarding the scope of its flood insurance coverage constitutes promissory estoppel under Michigan law;

33. The named Plaintiffs have claims that are typical of the claims of the class. Each Plaintiff is a member of the class he or she seeks to represent. The named Plaintiffs and the unnamed class members all purchased insurance policies purported to provide coverage in the event of a flood occurrence as that term as that term is commonly understood.

34. The class is so numerous that joinder of individual actions by each class member is impracticable. The class includes all insureds who purchased insurance policies purporting to provide coverage in the event of a flood occurrence as that term as that term is commonly understood. In light of the recent flooding events in southeastern Michigan, the size of the class is estimated to be several thousand insureds.

35. The named Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs are represented by experienced counsel who will adequately represent the interests of the class.

36. Defendants have acted and refused to act on grounds generally applicable to the class, thereby making appropriate declarative relief and/or corresponding final injunctive relief with respect to the class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: FRAUD

37. Plaintiffs hereby incorporate by reference all prior paragraphs as if fully restated herein.

38. Defendant acting through its agents made material representations regarding the nature and scope of its insurance coverage.

39. Defendant's material representations were false.

40. When Defendant made the material representations it knew that they were false, or made it recklessly, without any knowledge of its truth and as a positive assertion.

41. Defendant made the material representations with the intention that they should be acted upon by Plaintiffs.

42. Plaintiffs acted in reliance upon Defendant's material representations.

43. Plaintiffs suffered injury as a result of Defendant's material representations.

### SECOND CAUSE OF ACTION: INNOCENT MISREPRESENTATION

44. Plaintiffs hereby incorporate by reference all prior paragraphs as if fully restated herein.

45. Defendant acting through its agents made material representations in transactions between it and Plaintiffs.

46. Defendant's material representations were false.

47. Defendant's material representations actually deceived Plaintiffs.

8

48. Plaintiffs relied upon Defendant's material representations.

49. Defendant benefitted from its material representations by collecting insurance premiums for coverage that it would never provide thereby selling illusory insurance coverage to Plaintiffs.

50. Plaintiffs suffered injury as a result of Defendant's material representations.

51. Plaintiffs acted in reliance upon Defendant's material representations.

### THIRD CAUSE OF ACTION: SILENT FRAUD

52. Plaintiffs hereby incorporate by reference all prior paragraphs as if fully restated herein.

53. Defendant failed to disclose a material fact about the subject matter at issue, namely that the purported flood insurance coverage that it sold to Plaintiffs would not provide actual coverage for a flood as that term is commonly understood.

54. Defendant knew that the purported flood insurance coverage that Defendant sold to Plaintiffs would not provide actual coverage for a flood as that term is commonly understood.

55. Defendant's failure to disclose that the purported flood insurance coverage that Defendant sold to Plaintiffs would not provide actual coverage for a flood as that term is commonly understood gave Plaintiffs a false impression that the flood insurance coverage that Defendant sold to Plaintiffs would in fact provide actual coverage for a flood as that term is commonly understood.

56. When Defendant failed to disclose that the purported flood insurance coverage that Defendant sold to Plaintiffs would not provide actual coverage for a flood as that term is commonly understood, it knew that the failure to disclose would create a false impression.

9

57. When Defendant failed to disclose that the purported flood insurance coverage that Defendant sold to Plaintiffs would not provide actual coverage for a flood as that term is commonly understood, it intended that Plaintiffs rely on the resulting false impression.

58. Plaintiffs in fact relied upon the false impression created by Defendant.

59. Plaintiffs suffered damages as a result of relying upon the false impression created by Defendant.

### FOURTH CAUSE OF ACTION: BREACH OF EXPRESS CONTRACT

60. Plaintiffs hereby incorporate by reference all prior paragraphs as if fully restated herein.

61. Contracts existed between Plaintiffs and Defendant whereby Defendant agreed to provide Plaintiffs coverage for flood damage to their respective properties.

62. Defendant breached said contracts by refusing to provide Plaintiffs coverage for flood damage to their respective properties.

63. Defendant's breach of said contracts resulted in damages to Plaintiffs' respective properties.

### FIFTH CAUSE OF ACTION: PROMISSORY ESTOPPEL

64. Plaintiffs hereby incorporate by reference all prior paragraphs as if fully restated herein.

65. Defendant promised to provide Plaintiffs coverage for flood damage to their respective properties.

66. Defendant should reasonably have expected to induce action of a definite and substantial character by Plaintiffs.

10

67. Defendant in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided.

## RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A determination by this Court that this action may be maintained as a class action;

B. The issuance of a declaratory judgment that Defendant's actions and inaction complained of herein constitute fraud, innocent misrepresentation, silent fraud, breach of express, and promissory estoppel under Michigan law;

C. A judgment awarding Plaintiffs damages in excess of twenty-five thousand dollars ($25,000);

D. An award of costs, fees, including reasonable attorneys' fees, and other compensable expenses; and

E. Any other relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ Dewnya A. Bazzi

Dewnya A. Bazzi (P75310)
Dated: September 7, 2021          Attorney for Plaintiff

11