**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MUSAID AMIR, ZEAD
RAMMOUNI, and ALI YAHYA, on
behalf of themselves and all others
similarly situated,

               Plaintiffs,              Case No. 2:21-cv-12457-SFC-DRG
                                       Hon. Sean F. Cox
v.                                  Magistrate Judge David R. Grand

AmGUARD INSURANCE COMPANY,
a Pennsylvania corporation;

               Defendant.

---

**DEFENDANT AMGUARD INSURANCE COMPANY'S ANSWER TO
PLAINTIFFS COMPLAINT, AFFIRMATIVE AND/OR AVOIDANCE DEFENSES
AND RELIANCE ON JURY DEMAND**

Defendant AmGUARD Insurance Company ("AmGUARD"), by and through counsel, for its Answer to the Complaint of Plaintiffs Musaid Amir, Zead Rammouni, and Ali Yahya, states as follows:

**JURISDICTION AND VENUE**

1.      The allegations in Paragraph 1 set forth legal conclusions, legal discussion, and Plaintiffs' characterization of this action, to which no answer is required.  To the extent an answer is required, AmGUARD admits only that plaintiffs have alleged the entitlement to equitable relief and damages in excess

of $25,000, and that it contends that the action is also being brought on behalf of current and future insureds. AmGUARD is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 1, and therefore, denies the same.

2.      The allegations in Paragraph 2 set forth legal conclusions, and Plaintiffs' characterization of this action, to which no answer is required. To the extent an answer is required, AmGUARD admits only that it transacts business in Michigan and that venue is proper. AmGUARD is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in Paragraph 2, and therefore, denies the same.

## PARTIES

### A.      Plaintiffs

3.      AmGUARD neither admits nor denies the allegations in Paragraph 3 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

4.      AmGUARD neither admits nor denies the allegations in Paragraph 4 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

5.      AmGUARD neither admits nor denies the allegations in Paragraph 5 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

**B.      Defendant AmGUARD Insurance Company**

6.      AmGUARD admits the allegations in Paragraph 6.

7.      AmGUARD admits the allegations in Paragraph 7.

8.      AmGUARD admits the allegations in Paragraph 8.

9.      Answering Paragraph 9, AmGUARD admits only that it provides Commercial and Personal Insurance, which includes: Businessowner's, Commercial Auto, Commercial Excess Liability, Commercial Package, Commercial Property, Commercial Umbrella Liability, Disability, General Liability, Employment-Related Practices Liability, Homeowners, Personal Umbrella Liability, Professional Liability, and Workers' Compensation insurance, although it denies that all insurance products are available in all states.

**COMMON ALLEGATIONS**

**A.      <u>Plaintiff Musaid Amir</u>**

10.      AmGUARD neither admits nor denies the allegations in Paragraph 10 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

11.     AmGUARD neither admits nor denies the allegations in Paragraph 11 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

12.     AmGUARD neither admits nor denies the allegations in Paragraph 12 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

13.     AmGUARD neither admits nor denies the allegations in Paragraph 13 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

14.     AmGUARD neither admits nor denies the allegations in Paragraph 14 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

15.     The allegations in Paragraph 15 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies that Plaintiff Amir purchased flood insurance coverage from AmGUARD.

16.     The allegations in Paragraph 16 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies that Plaintiff Amir purchased flood insurance coverage from AmGUARD. AmGUARD admits only that it denied Plaintiff Musaid Amir's claim for

insurance coverage under the homeowner's policy issued to Amir by AmGUARD.

**B.**   **Plaintiff Zead Rammouni**

17.   AmGUARD neither admits nor denies the allegations in Paragraph 17 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

18.   AmGUARD neither admits nor denies the allegations in Paragraph 18 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

19.   AmGUARD neither admits nor denies the allegations in Paragraph 19 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

20.   The allegations in Paragraph 20 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies that Plaintiff Amir purchased flood insurance coverage from AmGUARD.

21.   The allegations in Paragraph 21 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies that Plaintiff Rammouni purchased flood insurance coverage from AmGUARD.  AmGUARD admits only that it denied Plaintiff Rammouni's claim

for insurance coverage under the homeowner's policy issued to Rammouni by AmGUARD.

**C.    Plaintiff Ali Yahya**

22.    AmGUARD neither admits nor denies the allegations in Paragraph 22 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

23.    AmGUARD neither admits nor denies the allegations in Paragraph 23 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

24.    AmGUARD neither admits nor denies the allegations in Paragraph 24 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

25.    AmGUARD neither admits nor denies the allegations in Paragraph 25 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

26.    AmGUARD neither admits nor denies the allegations in Paragraph 26 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

27.    AmGUARD neither admits nor denies the allegations in Paragraph 27 for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

28.    The allegations in Paragraph 28 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies that Plaintiff Amir purchased flood insurance coverage from AmGUARD.

29.    The allegations in Paragraph 29 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies that Plaintiff Yahya purchased flood insurance coverage from AmGUARD.  AmGUARD admits only that it denied Plaintiff Yahya's claim for insurance coverage under the homeowner's policy issued to Yahya by AmGUARD.

## CLASS ACTION ALLEGATIONS

30.    The allegations in Paragraph 30 set forth legal conclusions, and Plaintiffs' characterization of this action, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

31.    The allegations in Paragraph 31 set forth legal conclusions, and Plaintiffs' characterization of this action, to which no answer is required.  To the extent an answer is required, AmGUARD denies that it represented that it was providing coverage for flooding as that term is commonly understood.

AmGUARD neither admits nor denies the remaining allegations for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

32.    The allegations in Paragraph 32 set forth legal conclusions, and Plaintiffs' characterization of this action, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations contained in Paragraph 32, as well as subparts (A) through (F).

33.    The allegations in Paragraph 33 set forth legal conclusions, and Plaintiffs' characterization of this action, to which no answer is required.  To the extent an answer is required, AmGUARD denies that it issued policies to Plaintiffs that provide insurance coverage for a "flood occurrence."   AmGUARD neither admits nor denies the remaining allegations for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

34.    The allegations in Paragraph 34 set forth legal conclusions, and Plaintiffs' characterization of this action, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

35.    The allegations in Paragraph 35 set forth legal conclusions, and Plaintiffs' characterization of this action, to which no answer is required.  To the extent an answer is required, AmGUARD neither admits nor denies the

allegations for the reason that it lacks sufficient information or knowledge to form a belief as to their truth, and therefore, denies the same.

36.    The allegations in Paragraph 36 set forth legal conclusions, and Plaintiffs' characterization of this action, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION: FRAUD

37.    AmGUARD incorporates by reference its answers to Paragraphs 1-36 above as though fully set forth herein.

38.    The allegations in Paragraph 38 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

39.    The allegations in Paragraph 39 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

40.    The allegations in Paragraph 40 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

41.    The allegations in Paragraph 41 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

42.    The allegations in Paragraph 42 set forth legal conclusions, , to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

43.    The allegations in Paragraph 43 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

## SECOND CAUSE OF ACTION: INNOCENT MISREPRESENTATION

44.    AmGUARD incorporates by reference its answers to Paragraphs 1-43 above as though fully set forth herein.

45.    The allegations in Paragraph 45 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

46.    The allegations in Paragraph 46 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

47.     The allegations in Paragraph 47 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

48.     The allegations in Paragraph 48 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

49.     The allegations in Paragraph 49 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

50.     The allegations in Paragraph 50 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

51.     The allegations in Paragraph 51 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

## THIRD CAUSE OF ACTION: SILENT FRAUD

52.     AmGUARD incorporates by reference its answers to Paragraphs 1-51 above as though fully set forth herein.

53.    The allegations in Paragraph 53 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

54.    The allegations in Paragraph 54 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

55.    The allegations in Paragraph 55 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

56.    The allegations in Paragraph 56 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

57.    The allegations in Paragraph 57 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

58.    The allegations in Paragraph 58 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

59.    The allegations in Paragraph 59 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

## **FOURTH CAUSE OF ACTION:**

60.    AmGUARD incorporates by reference its answers to Paragraphs 1-59 above as though fully set forth herein.

61.    The allegations in Paragraph 61 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD admits only that it issued homeowner's policies to Plaintiffs.  AmGUARD denies that the homeowner's policies issued to plaintiffs provide coverage for the claims at issue.

62.    The allegations in Paragraph 62 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

63.    The allegations in Paragraph 63 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

## **FIFTH CAUSE OF ACTION: PROMISSORY ESTOPPEL**

64.    AmGUARD incorporates by reference its answers to Paragraphs 1-63 above as though fully set forth herein.

65.     The allegations in Paragraph 65 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

66.     The allegations in Paragraph 66 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

67.     The allegations in Paragraph 67 set forth legal conclusions, to which no answer is required.  To the extent an answer is required, AmGUARD denies the allegations.

## **RELIEF**

WHEREFORE, Defendant AmGUARD respectfully requests that this Court:

(A)     Dismiss Plaintiffs' Complaint, with prejudice;

(B)     Determine that the homeowner's policies at issue do not provide insurance coverage for the claims at issue;

(C)     Award AmGUARD its costs, interest, attorney fees, and expenses in having to defend this action;

(D)     Award any and all other relief that this Court may deem just and proper.

## <u>RELIANCE ON JURY DEMAND</u>

Defendant, AmGUARD, through its attorneys, hereby states and relies upon the request for jury trial by Plaintiffs in this matter.

## <u>AFFIRMATIVE AND/OR AVOIDANCE DEFENSES</u>

The homeowner's policies issued by AmGUARD ("Policies") to Plaintiffs are subject to certain terms, conditions, exclusions, endorsements and limits of liability which do or may preclude insurance coverage for Plaintiffs' claims arising from the flood that took place on or about June 26, 2021 ("the June 2021 Flood").  AmGUARD has undertaken in good faith to list all avoidance and/or affirmative defenses that it may have with respect to the causes of action or claims presented in Plaintiffs' Complaint.  AmGUARD specifically reserves the right, however, to amend, supplement, restate and/or withdraw any of these affirmative and/or avoidance defenses and/or to assert additional defenses given AmGUARD's continuing analysis, investigation, and handling of the Plaintiffs' claims and/or this action.  Furthermore, by characterizing the following as defenses, AmGUARD does not admit that it bears the burden of proof of any of the issues raised by the following defenses.

Subject to and without waiving any of the foregoing, AmGUARD identifies the following affirmative and/or avoidance defenses upon which it may rely during the pre-trial phase of this action or at the time of trial:

1.     Plaintiffs' Complaint is or may be barred, in whole or in part, for failure to state facts sufficient to constitute a cause of action and/or claim against AmGUARD.

2.     Plaintiffs' Complaint is or may be barred, in whole or in part, by the applicable statute of limitations, or other applicable time limitations, including the doctrine of laches.

3.     Plaintiffs' Complaint is or may be barred, in whole or in part, because of waiver and/or estoppel, res judicata, collateral estoppel, abatement or release and satisfaction.

4.     Plaintiffs are not entitled to the relief sought in the Complaint to the extent that they lack standing.

5.     Plaintiffs' Complaint is or may be barred, in whole or in part, by the doctrine of unjust enrichment.

6.     Plaintiffs' Complaint is or may be barred, in whole or in part, for failure to mitigate the alleged losses or damages.

7.     Plaintiffs' claim for breach of contract against AmGUARD fails as a matter of law for the reason that AmGUARD has complied with all the terms and conditions of the Policies, and has not breached any such terms and conditions in responding to the June 2021 Flood.

8.    Plaintiffs' Complaint is or may be barred, in whole or in part, due to Plaintiffs' failure to plead fraud and/or misrepresentation and/or promissory estoppel with specificity.

9.    The Policies only afford insurance coverage, not otherwise excluded, for direct physical loss to property described in Coverage A – Dwelling and Coverage B – Other Structures of the Policies.

10.    The Policies only afford insurance coverage, not otherwise excluded, for direct physical loss to property described in Coverage C – Personal Property, which is caused by a peril described in the Policies.

11.    The Policies only afford insurance coverage, not otherwise excluded, under Coverage D – Loss of Use if a loss is covered under Section I – Perils Insured Against of the Policies.

12.    The Policies do not provide insurance coverage for property described in Coverage A – Dwelling, Coverage B – Other Structures, and Coverage C – Personal Property, when a loss is caused directly or indirectly by any of the listed exclusions.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss, and regardless of whether or not the loss event results in widespread damage or affects a substantial area.

13.     There is no insurance coverage for the June 2021 Flood to the
extent it involves a loss to property described in Coverage A – Dwelling,
Coverage B – Other Structures, and Coverage C – Personal Property, caused
directly or indirectly by Water, meaning:

> a.     Flood, surface water, waves, including tidal wave and
> tsunami, tides, tidal water, overflow of any body of
> water, or spray from any of these, all whether or not
> driven by wind, including storm surge;
>
> b.     Water which:
> (1)   Backs up through sewers or drains; or
> (2)   Overflows or is otherwise discharged from a
> sump, sump pump, or related equipment;
>
> c.     Water below the surface of the ground, including water
> which exerts pressure on, or seeps, leaks or flows
> through a building, sidewalk, driveway, patio,
> foundation, swimming pool or other structure; or
>
> d.     Waterborne material carried or otherwise moved by
> any of the water referred to in A.3.a. through A.3.c. of
> this exclusion.

Such loss is excluded regardless of any other cause or event contributing
concurrently or in sequence to the loss.

14.     There is no coverage under the Limited Water Back-Up and Sump
Discharge or Overflow Coverage Endorsement under the Policies for the June
2021 Flood to the extent the claims at issue do not fall within the insuring
agreement in that Endorsement, the Perils Insured Against in that

Endorsement, and for the reason that the claims fall within the Water Exclusion contained within that Endorsement.

15.    There is no insurance coverage for the June 2021 Flood to the extent it involves a loss to property described in Coverage A – Dwelling, Coverage B – Other Structures, and Coverage C – Personal Property, caused directly or indirectly by the failure of power or other utility service if the failure takes place off the residence premises.  Such loss is excluded regardless of any other cause or event contributing concurrently or in sequence to the loss.

16.    There is no insurance coverage for the June 2021 Flood to the extent it involves a loss to property described in Coverage A – Dwelling, Coverage B – Other Structures, and Coverage C – Personal Property, caused directly or indirectly by the neglect of an insured to use all reasonable means to save and preserve property at and after the time of loss.  Such loss is excluded regardless of any other cause or event contributing concurrently or in sequence to the loss.

17.    There is no insurance coverage for the June 2021 Flood to the extent it involves a loss to property described in Coverage A – Dwelling or Coverage B – Other Structures, caused by the pressure or weight of water, whether driven by wind or not, to a fence, pavement, patio or swimming pool, footing, foundation, bulkhead, wall or any other structure or device that

supports all or part of a building or other structure, retaining wall or bulkhead that does not support all or part of a building or other structure.

18.    There is no insurance coverage for the June 2021 Flood to the extent it involves a loss to property described in Coverage A – Dwelling or Coverage B – Other Structures, caused by mold, fungus, or wet rot.

19.    There is no insurance coverage for the June 2021 Flood to the extent it involves a loss to property described in Coverage A – Dwelling or Coverage B – Other Structures, caused by wear and tear, marring, deterioration; mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself; smog, rust or other corrosion, or dry rot; discharge, dispersal, seepage, migration, release or escape of pollutants unless the discharge, dispersal, seepage, migration, release or escape is itself caused by a peril insured against; settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings.

20.    There is no insurance coverage for the June 2021 Flood to the extent the insureds or their representatives have failed to comply with the Duties After Loss, as set forth in the Policies.

21.    There is no insurance coverage for the June 2021 Flood to the extent the insureds or their representatives failed to comply with their duty of

giving prompt notice to AmGUARD or its agent of the loss, as set forth in the Policies.

22.     There is no insurance coverage for the June 2021 Flood to the extent the insureds or their representatives failed to comply with their duty of protecting the property from further damage, which includes reasonable and necessary repairs to protect the property and keeping an accurate record of repair expenses, as set forth in the Policies.

23.     There is no insurance coverage for the June 2021 Flood to the extent the insureds or their representatives have failed to comply with their duty of cooperating with AmGUARD in the investigation of their claims, as set forth in the Policies.

24.     There is no insurance coverage for the June 2021 Flood to the extent the insureds or their representatives have failed to comply with their duty of preparing an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss, as set forth in the Policies.

25.     There is no insurance coverage for the June 2021 Flood to the extent the insureds or their representatives have failed to comply with their duty of showing the damaged property, providing AmGUARD with records and

documents requested and permitting AmGUARD to make copies, and submitting to an examination under oath, as set forth in the Policies.

26.    There is no insurance coverage for the June 2021 Flood to the extent the insureds or their representatives have failed to comply with their duty of providing a signed, sworn proof of loss within 60 days of AmGUARD's request, as set forth in the Policies.

27.    There is no insurance coverage under the Policies for the June 2021 Flood, in whole or in part, to the extent Plaintiffs have harmed, reduced, prejudiced and/or impaired, in whole or in part, AmGUARD's subrogation rights as set forth on the Policies.

28.    Insurance coverage under the Policies for the June 2021 Flood is subject to the Other Insurance and Service Agreement provision.

29.    Insurance coverage under the Policies for the June 2021 Flood is subject to the Suit Against Us provision.

30.    Insurance coverage under the Policies for the June 2021 Flood is subject to the Loss Payment provision.

31.    Insurance coverage under the Policies for the June 2021 Flood is subject to the Mortgage Clause.

32.    Insurance coverage under the Policies for the June 2021 Flood is subject to the Concealment or Fraud provision.

33.     To the extent that one or more of the Policies provides insurance coverage for the June 2021 Flood, which AmGUARD denies, such coverage is subject to the limits of liability, any applicable sub-limits, and deductibles of such Policies.

34.     There is no insurance coverage under the Policies for the June 2021 Flood, in whole or in part, to the extent that any other provision, term, definition, condition, endorsement, limitation or exclusion on the Policies, not specifically identified herein applies to preclude coverage.

35.     There is no insurance coverage under the Policies for the June 2021 Flood, in whole or in part, to the extent Plaintiffs' acts or omissions, which gave rise to their claims, were intentional, willful, wanton or against public policy.

36.     To the extent Plaintiffs seek declaratory, injunctive, restitutionary or other equitable relief, there is no coverage for such claims under the Policies.

37.     Plaintiffs' allegations of the existence of a class fail to the extent that they cannot meet each of the requirements for certification of such a class.

38.     AmGUARD reserves the right to include additional affirmative and/or avoidance defenses as shall become apparent through discovery or otherwise.

Respectfully submitted,

*/s/Kenneth C. Newa*
Kenneth C. Newa (P43497)
Patrick Lannen (P73031)
Tanya M. Murray (P82517)
PLUNKETT COONEY
38505 Woodward Ave., Suite 100
Bloomfield Hills, MI 48304
(248) 901-4000
(248) 901-4040 (Fax)
knewa@plunkettcooney.com
**Attorneys for Defendant**

Dated: October 25, 2021

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 25th day of October, 2021, I filed the foregoing document and this certificate of service with the Clerk of the Court using the electronic court filing system, which will send notification of such filing to all Counsel of Record.

*/s/Kenneth C. Newa*
Kenneth C. Newa (P43497)

Open.28566.14896.27418704-1